Filed 6/29/06 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2006 ND 146

In the Matter of the Application for Disciplinary Action Against 

Steven K. Aakre, a Member of the Bar of the State of North Dakota

Disciplinary Board of the Supreme 

Court of the State of North Dakota, Petitioner

v.

Steven K. Aakre, Respondent

No. 20050382

Application for Interim Suspension.

INTERIM SUSPENSION ORDERED.

Per Curiam.

[¶1] On November 7, 2005, an Application for Interim Suspension of Steven K. Aakre, a member of the Bar of North Dakota, was filed under N.D.R. Lawyer Discipl. 3.4, resulting from a self-report that Aakre had improperly taken $75,506 from the Serkland Law Firm between June 2003 and May 2005.  Aakre’s Response to Application for Order of Interim Suspension was filed on November 18, 2005, acknowledging his wrongdoing and requesting the Court to consider mitigating factors such as his remorse, repayment of all funds with interest, and the fact that no client funds were involved.

[¶2] On November 28, 2005, the Court entered an Order denying the Application for Interim Suspension and allowing Aakre to continue practicing law subject to the following conditions:

1) Aakre will be allowed to practice law as an employee of the Stefanson Plambeck & Foss law firm, and Todd W. Foss, a member of the firm, will supervise Aakre;  

2) Strict financial controls are in place at the firm to ensure the protection of the public and clients funds, which include: 

a. Aakre will not have check signing or withdrawal authority on any business or trust account of the firm;

b. All of Aakre’s incoming mail will be opened by a third-person employed by the firm, who will deliver all checks or other funds to a person designated by the firm to deposit such monies into the appropriate account or accounts, or hold such items until they are sent to the person for whom they are intended; and

c. Any request for payment of monies by Aakre, whether on his own behalf, on behalf of a client, or to himself, must be made in writing to a partner of the firm, and no check or other instrument for the payment of money will be issued without the signature of a partner of the firm.

3) The firm must file quarterly reports with the Supreme Court and Disciplinary Counsel setting forth that the firm has followed the conditions imposed.

4) The Supreme Court and Disciplinary Counsel must be notified immediately if Aakre’s employment with Stefanson Plambeck & Foss is terminated for any reason, or if any new financial irregularity involving or connected with Aakre is discovered.

[¶3] Quarterly reports were filed by the firm on February 24, 2006, and June 1, 2006, reporting no financial irregularities.  However, on June 28, 2006, the firm reported certain financial irregularities concerning Aakre’s handling of two clients.

[¶4] On June 28, 2006, Disciplinary Counsel filed a subsequent Application for Interim Suspension of Aakre for violation of the Court’s November 28, 2006, Order.  By letter dated June 28, 2006, Aakre agreed to the immediate suspension of his license to practice law in North Dakota.  Aakre was admitted to practice law in the State of North Dakota on October 5, 1981, and is currently licensed.

[¶5] 
ORDERED
, Steven K. Aakre’s license to practice law is SUSPENDED effective immediately, and until further order of this Court, pending final disposition of the disciplinary proceeding upon which this matter is predicated.

[¶6] 
FURTHER ORDERED
, Steven K. Aakre comply with N.D.R. Lawyer Discipl. 6.3.

[¶7] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Daniel J. Crothers

[¶8] The Honorable Dale V. Sandstrom and the Honorable Mary Muehlen Maring, deeming themselves disqualified, did not participate in this decision.