723 N.W.2d 682 (2006)
2006 ND 230
In the Matter of the APPLICATION FOR DISCIPLINARY ACTION AGAINST Steven K. AAKRE, a person admitted to the Bar of the State of North Dakota.
Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,
v.
Steven K. Aakre, Respondent.
No. 20060260.
Supreme Court of North Dakota.
November 14, 2006.

SUSPENSION ORDERED.
PER CURIAM.
[¶ 1] Steven K. Aakre ("Aakre") was admitted as an attorney in North Dakota on October 5, 1981, and his name has appeared on the roll of attorneys since that date. On June 29, 2006, Aakre was placed on interim suspension after violating the terms the Supreme Court's November 28, 2005, Order, denying an interim suspension and setting forth the conditions under which Aakre could continue practicing law. Disciplinary Board Aakre, 2006 ND 146, 718 N.W.2d 1.
[¶ 2] On July 20, 2006, Aakre admitted service of a Summons, Petition for Discipline, and Notice of Appointment of Hearing Panel. The Petition alleges that Aakre took $75,506 from Serkland Law Firm between June 2003 and May 2005, and that he violated the terms of the Supreme Court's November 28, 2005, Order which set forth the conditions under which Aakre was permitted to practice law.
[¶ 3] The Petition further asserts that Aakre violated:
N.D.R. Prof. Conduct 1.15(a), Safekeeping Property, (a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property);
N.D.R. Lawyer Discipl. 1.2(A)(2)(a lawyer may be disciplined for committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer as a result of violating N.D.C.C. §§ 12.1-23-07, Misapplication of Entrusted Property, and 12.1-23-02, Theft of Property);
N.D.R. Lawyer Discipl. 1.2(A)(3)(a lawyer may be disciplined for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation);
N.D.R. Prof. Conduct 3.4, Fairness to Opposing Party and Counsel (a lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists);
N.D.R. Prof. Conduct 8.4, Misconduct (it is professional misconduct for a lawyer to *683 engage in conduct enumerated in the North Dakota Century Code, such as N.D.C.C. §§ 12-13-01(1) and 27-14-02, as a basis for revocation or suspension of a lawyer's certificate of admission).
[¶ 4] On August 15, 2006, Aakre filed an Answer to the Petition admitting the underlying facts in the matter, but asserting several of the rules and statutes are not applicable in this matter. Aakre further asserts there are mitigating factors under N.D. Stds. Imposing Lawyer Sanctions 9.32(e)(full and free disclosure to disciplinary board or cooperative attitude toward proceedings).
[¶ 5] On October 2, 2006, a Stipulation and Consent to Discipline was filed by Aakre and Disciplinary Counsel, stipulating to Aakre's suspension from the practice of law for eighteen months, retroactive to June 29, 2006, and payment of costs in the amount of $1,000 to be paid no later than the end of the suspension period, for violation of N.D.R. Lawyer Discipl. 1.2(A)(3); N.D.R. Prof. Conduct 3.4, Fairness to Opposing Party and Counsel; and N.D.R. Prof. Conduct. 8.4, Misconduct. The Stipulation and Consent to Discipline was referred to the Hearing Panel under N.D.R. Lawyer Discipl. 4.2(B).
[¶ 6] The Hearing Panel filed its Findings, Conclusions and Recommendation on October 2, 2006, finding that Aakre improperly took $75,506 from the Serkland Law Firm between June 2003 and May 2005. The money was repaid and Aakre self-reported the matter to the Disciplinary Board. The Hearing Panel also found that Aakre violated the Supreme Court's November 28, 2005, Order, denying an interim suspension and permitting him to practice under strict conditions.
[¶ 7] The Hearing Panel concluded that Aakre's actions violated N.D.R. Lawyer Discipl. 1.2(A)(3); N.D.R. Prof. Conduct 3.4, Fairness to Opposing Party and Counsel; and N.D.R. Prof. Conduct. 8.4, Misconduct, through violation of N.D.C.C. § 27-13-01(1). The Hearing Panel recommended that Aakre be suspended from the practice of law for eighteen months, retroactive to June 29, 2006, and pay costs in the amount of $1,000, to be paid no later than the end of the suspension period.
[¶ 8] The matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). No objections to the Findings, Conclusions and Recommendation were filed under N.D.R. Lawyer Discipl. 3.1(F)(2). The Court considered the matter, and
[¶ 9] ORDERED, the Stipulation and Consent to Discipline and the Findings, Conclusions and Recommendation of the Hearing Panel are accepted, and Steven K. Aakre is suspended from the practice of law for a period of eighteen months, retroactive to June 29, 2006.
[¶ 10] FURTHER ORDERED, Steven K. Aakre pay the costs and expenses of the disciplinary proceeding in the amount of $1,000, payable to the Secretary of the Disciplinary Board, to be paid no later than the end of the suspension period.
[¶ 11] FURTHER ORDERED, Steven K. Aakre must petition for reinstatement under N.D.R. Lawyer Discipl. 4.5, governing reinstatement following a long suspension.
[¶ 12] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.
[¶ 13] Justice DALE V. SANDSTROM and Justice MARY MUEHLEN MARING, deeming themselves disqualified, did not participate in this decision.