**2008 ND 209**

**In the Matter of the Application for REINSTATEMENT OF Steven K. AAKRE.**

**Steven K. Aakre, Petitioner**

v.

**Disciplinary Board of the Supreme Court of the State of North Dakota, Respondent.**

No. 20080268.

Supreme Court of North Dakota.

Nov. 21, 2008.

PER CURIAM.

[¶ 1]    Steven K. Aakre was admitted as an attorney in the State of North Dakota on October 5, 1981. Aakre was placed on interim suspension effective June 29, 2006, and until further order of the Court. *See Disciplinary Board v. Aakre,* 2006 ND 146, 718 N.W.2d 1. Thereafter, Aakre was placed on suspension for a period of eighteen months, retroactive to June 29, 2006. The Order provided Aakre must apply for reinstatement under N.D.R. Lawyer Discipl. 4.5. *See Disciplinary Board v. Aakre,* 2006 ND 230, 723 N.W.2d 682.

[¶ 2]    On April 3, 2008, Aakre filed a Petition for Reinstatement and attached documents with the Disciplinary Board of the Supreme Court. The matter was assigned to a Hearing Panel of the Disciplinary Board, and after consideration of the Petition, affidavits, evidence, testimony, and arguments, the Hearing Panel filed its Report on October 21, 2008.

[¶ 3]    In its Report, the Hearing Panel found that Aakre had been suspended for violating N.D.R. Lawyer Discipl. 1.2(A)(3); N.D.R. Prof. Conduct 3.4, Fairness to Opposing Party and Counsel; and N.D.R. Prof. Conduct 8.4, Misconduct, by violating N.D.C.C. § 27–13–01, for taking $75,506, from the Serkland Law Firm. The Hearing Panel also found Aakre had made full restitution to the Serkland Law Firm before his suspension, and has been forthright and cooperative throughout the disciplinary proceedings.

[¶ 4]    The Hearing Panel found Aakre was under financial pressure at the time of his misconduct. The Hearing Panel also found Aakre voluntarily sought the assistance of a psychologist to help him understand why he committed the misconduct, and while Aakre's counseling has been discontinued, it is available should he need it. The Hearing Panel also found Aakre has had the support and advice of the attor-

neys at the Stefanson Law Firm; neither Aakre nor the attorneys at the Stefanson Law Firm believe Aakre will allow future financial pressure to result in misconduct; and Aakre is remorseful for his conduct and regrets his actions.

[¶ 5] The Hearing Panel found that eighteen months has elapsed since Aakre's suspension; Aakre has paid the costs and expenses of the original disciplinary proceeding; Aakre is fit and competent to practice law; Aakre reported his CLE compliance for the period ending June 30, 2006; Aakre is on track for completing the necessary hours of continuing legal education by June 30, 2009; and after his suspension, pursuant to reciprocal discipline, Aakre took the Professional Responsibility Exam and received a passing score.

[¶ 6] The Hearing Panel also found Aakre has been employed by the Stefanson Law Firm during his suspension; Aakre has not engaged or attempted to engage in the unauthorized practice of law; and Aakre has disclosed his employment as a legal assistant to avoid the appearance of practicing law.

[¶ 7] The Hearing Panel found that neither alcohol nor drug abuse was a factor in Aakre's misconduct. The Hearing Panel also found that notice of the Petition for Reinstatement was sent to the Serkland Law Firm, and it did not submit any comments or objections to Aakre's Petition. The Hearing Panel also found Aakre's clients were not victims of the misconduct, and reinstatement does not pose a threat to the protection of public or client funds. Finally, the Hearing Panel found Aakre has been successfully rehabilitated, and is not likely to commit any future violations of the North Dakota Rules of Professional Conduct.

[¶ 8] Based on its findings, the Hearing Panel concluded Aakre is fit and competent to practice law; has fully complied with all disciplinary orders and rules; has not engaged or attempted to engage in the unauthorized practice of law; recognizes the wrongfulness and seriousness of his misconduct; has not engaged in any professional misconduct since suspension; and has the requisite honesty and integrity to practice law. The Hearing Panel further concluded that Aakre's misconduct was caused by his failure to deal with financial pressures in an appropriate way, and through counseling, Aakre has gained insight into methods of dealing with his finances.

[¶ 9] The Hearing Panel also concluded that Aakre's misconduct never involved client funds, and neither Aakre nor the Stefanson Law Firm see a need for parameters on Aakre's license to practice law to ensure protection of their clients or the public. The Hearing Panel concluded Aakre has met his burden of demonstrating his qualifications for reinstatement. Based on its findings and conclusions, the Hearing Panel recommends Aakre be reinstated to the practice of law.

[¶ 10] On November 7, 2008, the Hearing Panel filed its Supplemental Report, relating to the costs and expenses of the reinstatement proceedings. The Hearing Panel found that Disciplinary Counsel's Affidavit of Costs and Expenses, which was filed on October 28, 2008, showed an amount of $1,701.33. The Hearing Panel further found Aakre was given an opportunity to object and did not. The Hearing Panel concluded the costs and expenses were reasonable. The Hearing Panel recommends Aakre pay the costs and expenses of the Petition for Reinstatement in the amount of $1,701.33.

[¶ 11] The Report of the Hearing Panel and Supplemental Report of the Hearing Panel were submitted to the Court under N.D.R. Lawyer Discipl. 4.5. No objections

were filed. The Court considered the matter, and

[¶ 12] **ORDERED,** the Report of the Hearing Panel filed October 21, 2008, and the Supplemental Report of the Hearing Panel filed November 7, 2008, are adopted.

[¶ 13] **FURTHER ORDERED,** Steven K. Aakre be reinstated to the practice of law in the State of North Dakota effective upon payment of his license fee.

[¶ 14] **FURTHER ORDERED,** Steven K. Aakre pay the costs and expenses of the reinstatement proceeding in the amount of $1,701.33.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 16] The Honorable DALE V. SANDSTROM and the Honorable MARY MUEHLEN MARING, deeming themselves disqualified, did not participate in this decision.