2010 ND 12

**In the Matter of the Reciprocal Discipline of Richard D. VARRIANO, a Member of the Bar of the State of North Dakota.**

**No. 20090385.**

Supreme Court of North Dakota.

Jan. 14, 2010.

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1] On December 16, 2009, a Recommendation for Reciprocal Discipline was filed with the Supreme Court under N.D.R. Lawyer Discipl. 4.4 recommending this Court impose reciprocal discipline and suspend Richard D. Varriano, a member of the bar of the State of North Dakota, for one year, with the requirements that he comply with N.D.R. Lawyer Discipl. 6.3 regarding notice and N.D.R. Lawyer Discipl. 4.5 regarding reinstatement.

[¶ 2] The Record reflects the Minnesota Supreme Court filed its Order on September 4, 2008, suspending Varriano from the practice of law in Minnesota for a minimum of one year for engaging in several forms of misconduct, including representation of clients with clear conflicts of interest and using a trust account to shelter personal funds from the Internal Revenue Service, with eligibility to apply for reinstatement after one year. The Minnesota Supreme Court also imposed $900 in costs and directed Varriano otherwise comply with Rules 18(a) through (c), 24 and 26, Minnesota Rules of Lawyers Professional Responsibility. *See, In re Varriano,* 755 N.W.2d 282 (Minn.2008).

[¶ 3] The Record further reflects on September 22, 2008, the Disciplinary Board served Varriano and his counsel Notice under N.D.R. Lawyer Discipl. 4.4(B) that a certified copy of an order of discipline entered by the Supreme Court of Minnesota was received. The Notice informed Varriano he had 30 days to file any claim that imposition of the identical discipline in North Dakota would be unwarranted and the reasons for the claim.

[¶ 4] On October 29, 2008, Varriano's counsel filed an Answer to the Notice al-

leging imposition of the identical discipline as Minnesota would result in grave injustice. Prior to the hearing date, Varriano, his counsel, and the Office of Disciplinary Counsel entered into a Stipulation and Consent to Discipline which was forwarded to a Hearing Panel of the Disciplinary Board.

[¶ 5] The Hearing Panel accepted the Stipulation and Consent to Discipline, adopted the stipulated facts and conclusions as its findings and conclusions, and forwarded its recommendation to the Supreme Court. The Hearing Panel recommended the imposition of reciprocal discipline, and Varriano's suspension for one year, with credit for time served for all but six months and one day with certain conditions regarding treatment, abstaining from alcohol or any other mood altering substances, and participation in the North Dakota Lawyer Assistance Program.

[¶ 6] By Order dated November 17, 2009, this Court rejected the Stipulation, Consent to Discipline and Recommendation for Reciprocal Discipline, and the matter was returned to the Disciplinary Board for further proceedings

[¶ 7] Subsequently, Varriano withdrew his October Answer to the Petition for Discipline and consented to reciprocal discipline and identical discipline to that imposed in Minnesota, which was forwarded to the Hearing Panel. On December 16, 2009, the Hearing Panel filed with the Secretary of the Disciplinary Board its Recommendation for Reciprocal and Identical Discipline, which was served on Varriano, his counsel and the Assistant Disciplinary Counsel, and filed with the Supreme Court. The Hearing Panel recommended that Varriano be suspended from the practice of law for one year; he comply with N.D.R. Lawyer Discipl. 6.3 regarding notice; and he comply with N.D.R. Lawyer Discipl. 4.5

regarding reinstatement. The Court considered the matter, and

[¶ 8] ORDERED, the recommendation of the Hearing Panel is accepted, and Richard A. Varriano is suspended from the practice of law for one year, effective February 1, 2010.

[¶ 9] FURTHER ORDERED, Richard A. Varriano comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 10] FURTHER ORDERED, Richard A. Varriano comply with N.D.R. Lawyer Discipl. 4.5 regarding reinstatement.

[¶ 11] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.