2015 ND 182

In the Matter of the Application for Reinstatement of Henry H. HOWE, a Person Admitted to the Bar of the State of North Dakota.

Henry H. Howe, Petitioner

v.

Disciplinary Board of the Supreme Court of North Dakota, Respondent.

No. 20150156.

Supreme Court of North Dakota.

July 2, 2015.

LAWYER REINSTATEMENT and REPRIMAND ORDERED.

PER CURIAM.

[¶ 1] Henry H. Howe, was admitted as an attorney in North Dakota on July 27, 1973, and has remained a member of the

Bar. He was suspended for 90 days in 1977 and for 120 days in 2001. Relevant to this matter, Howe was suspended for six months and one day effective April 10, 2014, for violating N.D.R. Prof. Conduct 1.1, 1.3, and 1.4. *Disciplinary Board v. Howe*, 2014 ND 44, 843 N.W.2d 325. On January 31, 2014, Howe was interim suspended, but his interim suspension was vacated on May 29, 2014. *Disciplinary Board v. Howe*, 2014 ND 17, 842 N.W.2d 646 and *Disciplinary Board v. Howe*, 2014 ND 109, 847 N.W.2d 126. Howe has not been licensed since April 10, 2014.

[¶ 2] On February 5, 2015, Howe filed a Petition for Reinstatement with the Disciplinary Board of the Supreme Court. The matter was assigned to a hearing panel of the Disciplinary Board, and after consideration of the petition, evidence, testimony, and arguments, the hearing panel filed its findings of fact, conclusions of law, and recommendations on May 27, 2015.

[¶ 3] To be reinstated following a suspension of more than six months, Howe had to provide "proof of rehabilitation be demonstrated in a reinstatement proceeding culminating in a court order of reinstatement." N.D.R. Lawyer Discipl. 4.5(A). A hearing was held before a hearing panel of the Disciplinary Board. The hearing panel considered the factors in N.D.R. Lawyer Discipl. 4.5(F). If the petitioner is qualified to again practice law, the Court may impose conditions on reinstatement if this Court reasonably believes that further precautions should be taken to ensure that the public will be protected upon the petitioner's return to practice. N.D.R. Lawyer Discipl. 4.5(H). This Court may impose conditions that are reasonably related to the grounds for the original suspension. *Id.*

[¶ 4] After a hearing, the hearing panel concluded Howe has the requisite fitness and competence to practice law. However,

Howe had not complied with the terms and conditions of all applicable disciplinary orders and rules. Although Howe had not completely complied with the orders of this Court in *Howe*, 2014 ND 44, 843 N.W.2d 325, the hearing panel concluded Howe should be conditionally reinstated to allow him time to comply in light of the extraordinary events unfolding at that time. *See Howe*, 2014 ND 17, 842 N.W.2d 646 and *Howe*, 2014 ND 109, 847 N.W.2d 126. The hearing panel concluded Howe had not engaged or attempted to engage in the unauthorized practice of law during the period of suspension or disbarment. The hearing panel considered other factors under in N.D.R. Lawyer Discipl. 4.5(F), which were not determinative of the matter.

[¶ 5] The hearing panel also considered whether Howe should be disciplined regarding his conduct during his suspensions in *Howe*, 2014 ND 44, 843 N.W.2d 325 and *Howe*, 2014 ND 17, 842 N.W.2d 646. Howe posted a notice on his office door stating and included in letters to clients that he was interim suspended by the Supreme Court and charged with a crime as a result of a "witch hunt" by the Drug Task Force, State's Attorney and district court judge. The hearing panel concluded there was clear and convincing evidence Howe violated N.D.R. Prof. Conduct 8.2(a), Judicial and Legal Officials, which provides that a lawyer shall not knowingly, or with reckless disregard as to its truth or falsity, make a false statement concerning the qualifications or integrity of a judge. The hearing panel concluded a reprimand was the appropriate sanction for Howe's misconduct.

[¶ 6] A trustee was appointed during Howe's interim suspension. The trustee testified that despite many requests for billing records, Howe did not provide them. The hearing panel was concerned

about Howe's competence in the area of law practice management. It noted as examples Howe's inability to produce an invoice related to the clients in *Howe*, 2014 ND 44, 843 N.W.2d 325, and the lack of any billing records after that date. The hearing panel recommended conditions on Howe's reinstatement related to law practice management.

[¶ 7] The hearing panel recommended the following conditions be placed on Howe's reinstatement:

A) That Howe submit to an evaluation and an Individualized Assessment Plan as deemed reasonable under the Lawyer Assistance Program pursuant to N.D.R.Lawyer Discipl. 6.6.

B) That Howe continue to make payments in the amount of $325 per month to satisfy the judgment for costs and expenses of prior proceedings;

C) That Howe limit his practice so that he does not advise or represent clients in connection with any immigration matters;

D) That Howe enroll in a law practice management program to enable him to develop sufficient office practices to avoid further acts of misconduct;

E) That a monitor be assigned to work with Howe to assure compliance with the following law office management systems and procedures:

1) Timekeeping;

2) Billing;

3) IOLTA accounts and safekeeping client funds and property; and

4) Calendaring and reminder (tickler) systems;

F) That Howe and the monitor attest to his compliance with conditions of reinstatement by filing affidavits with Disciplinary Counsel as conditions are fulfilled;

G) That if Disciplinary Counsel determines Howe has failed to comply with the conditions of reinstatement, and there exists a potential for harm to the public, Disciplinary Counsel shall notify the Court and, where necessary to protect the public, the Court may subject Howe to immediate interim suspension under N.D.R. Lawyer Discipl. 3.4.

The hearing panel recommended Howe pay the costs and expenses of this disciplinary proceedings in the amount of $5,274.90. It also recommended Howe be allowed to apply to lift the proposed conditions of reinstatement when evidence demonstrates they are no longer needed. Finally, the hearing panel recommended Howe be reprimanded for his violation of N.D.R. Prof. Conduct 8.2(a).

[¶ 8] The Report of the Hearing Panel was submitted to the Court under N.D.R. Lawyer Discipl. 4.5. On June 2, 2015, Howe filed a certificate of no objection stating he waived the rights provided to him under N.D.R. Lawyer Discipl. 3.1(F), including the 20–day period in which to file objections. On June 3, 2015, Disciplinary Counsel also filed a certificate of no objection waiving the 20–day period in which to file objections. The Court considered the matter, and

[¶ 9] **ORDERED**, that the findings of fact, conclusions of law, and recommendations of the hearing panel filed May 27, 2015, are adopted.

[¶ 10] **IT IS FURTHER ORDERED**, that Henry H. Howe is REPRIMANDED.

[¶ 11] **IT IS FURTHER ORDERED**, that Howe be reinstated to the practice of law in the State of North Dakota and he is eligible to obtain a license, effective immediately.

[¶ 12] **IT IS FURTHER ORDERED**, that Howe pay the costs and expenses of

the reinstatement proceeding in the amount of $5,274.90, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Bismarck, North Dakota, 58505–0530, within 60 days of entry of judgment.

[¶ 13] **IT IS FURTHER ORDERED,** that Howe's reinstatement is subject to the following conditions:

A) That Howe submit to an evaluation and an Individualized Assessment Plan as deemed reasonable under the Lawyer Assistance Program pursuant to N.D.R.Lawyer Discipl. 6.6.

B) That Howe continue to make payments in the amount of $325 per month to satisfy the judgment for costs and expenses of prior proceedings;

C) That Howe limit his practice so that he does not advise or represent clients in connection with any immigration matters;

D) That Howe enroll in a law practice management program to enable him to develop sufficient office practices to avoid further acts of misconduct;

E) That Disciplinary Counsel assign a monitor to work with Howe to assure compliance with the following law office management systems and procedures:

1) Timekeeping;

2) Billing;

3) IOLTA accounts and safekeeping client funds and property; and

4) Calendaring and reminder (tickler) systems;

F) That Howe and the monitor attest to his compliance with conditions of reinstatement by filing affidavits with Disciplinary Counsel as conditions are fulfilled;

G) That if Disciplinary Counsel determines Howe has failed to comply with the conditions of reinstatement, and there exists a potential for harm to the public, Disciplinary Counsel shall notify the Court and, where necessary to protect the public, the Court may subject Howe to immediate interim suspension under N.D.R. Lawyer Discipl. 3.4.

[¶ 14] **FURTHER ORDERED,** that Howe be allowed to apply to the Disciplinary Board to lift the conditions of reinstatement when evidence demonstrates they are no longer needed.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and LISA FAIR McEVERS, JJ., concur.

[¶ 16] The Honorable KAPSNER, J., disqualified, did not participate in the decision.