Filed 12/11/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 288

In the Matter of the Application for 

Reinstatement of Richard D. Varriano, 

a Person Admitted to the Bar of the 

State of North Dakota

Richard D. Varriano, Petitioner

v.

Disciplinary Board of the Supreme Court, Respondent

No. 20150342

On Petition for Reinstatement.

LAWYER REINSTATEMENT ORDERED.

Per Curiam.

[¶1] Richard D. Varriano, Bar I.D. 04561, was admitted as an attorney in North Dakota on January 5, 1998.  Varriano was reciprocally suspended for one year effective February 1, 2010, after Minnesota suspended Varriano for one year for several forms of misconduct, including representation of clients with clear conflicts of interest and using a trust account to shelter personal funds from the Internal Revenue Service.  
Disciplinary Board v. Varriano
, 2010 ND 12, 777 N.W.2d 852.  Varriano has not previously sought reinstatement and has, therefore, been suspended from the practice law in North Dakota since February 1, 2010.

[¶2] On May 28, 2015, Varriano filed a Petition for Reinstatement with the Disciplinary Board of the Supreme Court.  The matter was assigned to a hearing panel of the Disciplinary Board, and after consideration of the petition, evidence, testimony, and arguments, the hearing panel filed its findings of fact, conclusions of law, and recommendations on November 25, 2015.  Varriano has not sought reinstatement in Minnesota, and he does not intend to do so.

[¶3] Varriano attributed his prior misconduct to alcoholism.  Varriano has been sober since March 19, 2011, after he was arrested for driving under the influence of alcohol.  Thereafter, Varriano completed inpatient and outpatient treatment for alcoholism.  An addiction counselor who completed a chemical dependency evaluation in advance of Varriano’s reinstatement hearing concluded Varriano met the criteria for Alcohol Use Disorder, Moderate, in sustained remission.  Varriano attends Alcoholics Anonymous and has a sponsor.  He attends Mass and he exercises daily, both of which he considers aftercare helping him maintain his sobriety.  Varriano believes he would have used better judgment with respect to his conduct prior to his suspensions if he had been sober.  Based on the chemical dependency evaluation and the testimony of the licensed addiction counselor who did the evaluation, the hearing panel found Varriano is rehabilitated to the extent possible.

[¶4] After his suspension in Minnesota but before his suspension in North Dakota, Varriano began working as a paralegal for Craig Richie in Fargo, North Dakota.  Riche has near daily interaction with Varriano and has never observed any indication Varriano used alcohol.  The hearing panel found Varriano’s activities as a paralegal were not the unauthorized practice of law.

[¶5] Richie worked with Varriano to become current on his continuing legal education.  Richie is willing to be Varriano’s supervising attorney and is willing to supervise the financial aspects of Varriano’s practice if Varriano is readmitted.  Richie agreed to discuss with Varriano how files will be handled if Varriano relapsed or needed to leave the practice of law for another reason.

[¶6] The hearing panel concluded Varriano has the requisite fitness and competence to practice law, that he complied with the terms and conditions of all applicable disciplinary orders and rules, that he has not engaged in the unauthorized practice of law during his suspension, that he has not engaged in professional misconduct since his suspension, that alcohol use was a causative factor in his misconduct, that he completed rehabilitation and has successfully abstained from alcohol, that he recognized the wrongfulness and seriousness of the conduct for which he was suspended, and that he has the requisite honesty and integrity to practice law.

[¶7] The hearing panel further concluded that precautions should be taken to ensure that the public is protected upon Varriano’s return to the practice of law.  Varriano agreed to the following conditions: 

(1) that he pay for the costs of the proceedings;

(2) that he comply with the continuing legal education requirements of the admission to practice rules;

(3) that a limitation be placed on Varriano's practice requiring association with an experienced supervising lawyer;

(4) that he work with the supervising lawyer on the financial management of his law practice, fee agreements, avoiding conflicts of interest, and on having a manageable case load;

(5) that he work with the Lawyer Assistance Program and set up an individual assistance plan regarding maintaining his sobriety while practicing law;

(6) that he maintain his sobriety and attend Alcoholics Anonymous meetings on at least a monthly basis; and 

(7) that he file an affidavit with the Secretary of the Disciplinary Board every six months indicating compliance with all conditions.

[¶8] The findings of fact, conclusions of law, and recommendations of the hearing panel were submitted to the Court under N.D.R. Lawyer Discipl. 4.5, recommending that Varriano be reinstated to the practice of law subject to the conditions listed in paragraph seven above.  The hearing panel recommended Varriano be allowed to apply to the Disciplinary Board to lift the conditions of reinstatement when evidence demonstrates they are no longer needed.

[¶9] The findings of fact, conclusions of law, and recommendations of the hearing panel were served on November 27, 2015.  Objections to the findings of fact, conclusions of law, and recommendations were due within 20 days of service.  On December 2, 2015, Varriano and Disciplinary Counsel filed a stipulation indicating that neither had objections and that they each waived their right to file briefs in this matter.  The Court considered the matter, and

[¶10] 
ORDERED
, that in light of the waivers, the Court will enter its order without delay, prior to the expiration of the 20-day period in which to file objections.

[¶11] 
ORDERED
, that the findings of fact, conclusions of law, and recommendations of the hearing panel are adopted.

[¶12] 
IT IS FURTHER ORDERED
, that Varriano be reinstated to the practice of law in the State of North Dakota and he is eligible to obtain a license, effective immediately.

[¶13] 
IT IS FURTHER ORDERED
, that Varriano pay the costs and expenses of the reinstatement proceeding in the amount of $3,713.74, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Bismarck, North Dakota, 58505-0530, within 90 days of entry of judgment.

[¶14] 
IT IS FURTHER ORDERED
, that Varriano’s reinstatement is subject to the following conditions:

(1) that he pay for the costs of the proceedings;

(2) that he comply with the continuing legal education requirements of the admission to practice rules;

(3) that a limitation be placed on Varriano's practice requiring association with an experienced supervising lawyer;

(4) that he work with the supervising lawyer on the financial management of his law practice, fee agreements, avoiding conflicts of interest, and on having a manageable case load;

(5) that he work with the Lawyer Assistance Program and set up an individual assistance plan regarding maintaining his sobriety while practicing law;

(6) that he maintain his sobriety;

(7) that he attend Alcoholics Anonymous meetings on at least a monthly basis; and 

(8) that he file an affidavit with the Secretary of the Disciplinary Board every six months indicating compliance with all conditions, with the first report being due June 1, 2016.

[¶15] 
FURTHER ORDERED
, that Varriano be allowed to apply to the Disciplinary Board to lift conditions three, four, five, seven and eight of reinstatement when evidence demonstrates they are no longer needed.

[¶16] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Carol Ronning Kapsner

Daniel J. Crothers

Lisa Fair McEvers