Per Curiam.
[¶ 1] Attorney Richard Varriano objects to a recommendation of a Disciplinary Board hearing panel to this Court that his conditional reinstatement to practice law be revoked and that he be required to petition for reinstatement. We reject the hearing panel's recommendation and continue Varriano's reinstatement subject to modified conditions.
I
[¶ 2] Varriano was admitted as an attorney in North Dakota on January 5, 1988. In In re Varriano , 2010 ND 12, ¶ 8, 777 N.W.2d 852, this Court reciprocally suspended Varriano from the practice of law for one year based on ethics violations in Minnesota involving conflicts of interest and misuse of a client trust account. See In re Varriano , 755 N.W.2d 282 (Minn. 2008). Varriano attributed the Minnesota ethics violations on his alcoholism. In 2015 Varriano petitioned for reinstatement. In Varriano v. Disciplinary Bd. , 2015 ND 288, ¶¶ 3, 11-12, 872 N.W.2d 338, we noted Varriano had been sober since March 19, 2011, after he had been arrested for driving under the influence of alcohol, and adopted the hearing panel's recommendation that he be conditionally reinstated to the practice of law. Varriano's reinstatement was subject to the following conditions:
(1) that he pay for the costs of the proceedings;
(2) that he comply with the continuing legal education requirements of the admission to practice rules;
(3) that a limitation be placed on Varriano's practice requiring association with an experienced supervising lawyer;
(4) that he work with the supervising lawyer on the financial management of his law practice, fee agreements, avoiding conflicts of interest, and on having a manageable case load;
(5) that he work with the Lawyer Assistance Program and set up an individual assistance plan regarding maintaining his sobriety while practicing law;
(6) that he maintain his sobriety;
(7) that he attend Alcoholics Anonymous meetings on at least a monthly basis; and
(8) that he file an affidavit with the Secretary of the Disciplinary Board every six months indicating compliance with all conditions, with the first report being due June 1, 2016.
Id. at ¶ 14. Varriano began practicing criminal law under the supervision of attorney Craig Richie.
*698 [¶ 3] On December 30, 2016, Varriano and a friend consumed alcohol on a trip from Fargo to Devils Lake, where Varriano intended to contact jailed clients the following day. Police were called to a Devils Lake restaurant between 2 p.m. and 3 p.m. to check on a male, Varriano, who "was passed out at a table." Varriano smelled of alcohol, "had slurred speech and red watery eyes," and believed he was still in Fargo. His confrontation with officers eventually resulted in Varriano's arrest and a disorderly conduct charge, but the criminal charge was subsequently dismissed. Varriano was then terminated from the Lawyer Assistance Program for violating the terms of his individual assistance plan.
[¶ 4] On January 31, 2017, disciplinary counsel filed a notice of noncompliance with conditions of reinstatement, alleging violations of conditions 5 and 6 of the order of reinstatement and seeking to revoke Varriano's reinstatement and suspend his license to practice law. This Court directed the Disciplinary Board "to hold a hearing to determine if there is a potential for harm to the public." Following the hearing, the hearing panel found Varriano "was a danger to the public while practicing law and using alcohol" in the past and the "reinstatement conditions were placed on Varriano's practice to safeguard the public." The panel found:
Varriano is a solo-practitioner with an office located in Fargo, North Dakota. Mr. Varriano practices criminal law exclusively. He does work for Craig Richie and handles his own cases. He works part time, working approximately 15 hours per week. At the time of the hearing on August 2, 2017, he had one active case. In 2016, he had 10 to 12 cases. In 2017, he had four to six cases by the time of the hearing. He had tried three cases since his re-licensure and had obtained acquittals on two of them.
Mr. Craig Richie has been Mr. Varriano's supervising attorney since Mr. Varriano's reinstatement. Mr. Richie monitors his trust account. He indicated at the hearing that he was willing to continue to monitor Mr. Varriano. The panel was aware of no complaints from clients regarding Mr. Varriano's work or professional conduct.
[¶ 5] The hearing panel also found that "on December 30, 2016, Varriano voluntarily consumed alcohol" in violation of condition 6 of his reinstatement; he "did not report his non-compliance with his reinstatement conditions to disciplinary authorities;" he "had no intention of reporting his non-compliance;" he "is unlikely to report any further non-compliance;" he was terminated from the Lawyer Assistance Program in violation of condition 5; and he "believes he would not benefit from participation" in Alcoholics Anonymous or the Lawyer Assistance Program. The panel further found Varriano's termination from the Lawyer Assistance Program results in "that safeguard [being] no longer in place and functioning to assist in the maintenance of his sobriety." The panel concluded that "[b]y failing to comply with Conditions 5 and 6" there is "clear and convincing evidence that Mr. Varriano is a threat to the public." The panel recommended that Varriano's reinstatement be revoked, he be required to petition for reinstatement in accordance with N.D.R. Lawyer Discipl. 4.5, and he pay $2,251.14 for the costs and expenses of the disciplinary proceedings.
II
[¶ 6] To be reinstated following a suspension of more than six months, an attorney must provide proof of rehabilitation in a reinstatement proceeding, and if the attorney is qualified to again practice *699 law, this Court may impose conditions on reinstatement to ensure that the public will be protected upon the attorney's return to practice. See N.D.R. Lawyer Discipl. 4.5(A) and (H) ; Howe v. Disciplinary Bd. , 2015 ND 182, ¶ 3, 865 N.W.2d 844. While a suspended attorney has the burden of establishing the grounds for reinstatement by clear and convincing evidence, see Ellis v. Disciplinary Bd. , 2006 ND 194, ¶ 6, 721 N.W.2d 693, disciplinary counsel agrees that he had the burden of proving by clear and convincing evidence, as with any petition for discipline, that the attorney violated a condition of reinstatement. Our standard for reviewing disciplinary proceedings is well established:
This Court reviews disciplinary proceedings de novo on the record. Disciplinary Board v. Light , 2009 ND 83, ¶ 6, 765 N.W.2d 536 (citations omitted). Disciplinary counsel must prove each alleged violation by clear and convincing evidence, which means the trier of fact must be reasonably satisfied with the facts the evidence tends to prove and thus be led to a firm belief or conviction. Id. The evidence need not be undisputed to be clear and convincing. Id. We give due weight to the findings, conclusions, and recommendations of the Disciplinary Board, but we do not act as a mere rubber stamp for the Board. Id. To decide which sanction, if any, is appropriate, each disciplinary matter must be considered on its own facts. Id.
Because the hearing panel has the opportunity to hear witnesses and observe their demeanor, we accord special deference to the panel's findings on matters of conflicting evidence. Disciplinary Board v. Bullis , 2006 ND 228, ¶ 12, 723 N.W.2d 667. Similarly, we defer to the hearing panel's findings on the credibility of a witness, because the hearing panel has the opportunity to observe the witness's demeanor and hear the witness testify. Disciplinary Board v. Johnson , 2007 ND 203, ¶ 22, 743 N.W.2d 117.
Disciplinary Bd. v. Allen , 2017 ND 199, ¶ 10, 900 N.W.2d 240 (quoting Disciplinary Bd. v. Ward , 2016 ND 113, ¶ 7, 881 N.W.2d 206 ).
[¶ 7] There is clear and convincing evidence that Varriano violated conditions 5 and 6 of his reinstatement. Varriano admitted to consuming alcohol on December 30, 2016, and he was terminated shortly thereafter from the Lawyer Assistance Program for violating the terms of his individual assistance plan. Varriano argues there is not clear and convincing evidence that he poses potential harm to the public if he continues to practice law.
[¶ 8] Disciplinary counsel argues there is clear and convincing evidence of potential harm to the public based on N.D.R. Lawyer Discipl. 4.5(F)(4) and (H), and this Court's decision in Disciplinary Bd. v. Aakre , 2006 ND 146, 718 N.W.2d 1. A factor for consideration in showing qualification for reinstatement under N.D.R. Lawyer Discipl. 4.5(F)(4) is "[w]here alcohol or drug abuse was a causative factor in the lawyer's misconduct, the petitioner must show that the petitioner has been successfully rehabilitated or is pursuing appropriate rehabilitative treatment." Under N.D.R. Lawyer Discipl. 4.5(H), this Court "may impose conditions upon the petitioner's reinstatement or readmission where the court reasonably believes that further precautions should be taken to ensure that the public will be protected upon the petitioner's return to practice."
[¶ 9] In Aakre , 2006 ND 146, ¶¶ 1-4, 718 N.W.2d 1, the attorney agreed to an immediate suspension after financial irregularities were discovered concerning two of his clients, in violation of conditions imposed in the order allowing him to continue practicing law after he had improperly taken *700 money from his law firm. Disciplinary counsel reads these authorities to mean "if the conditions implemented to protect the public are violated or avoided, the lawyer acted as an active harm or the conditions are ineffective and no longer protect the public from the threat." Disciplinary counsel essentially argues that if an attorney violates a condition of reinstatement imposed to protect the public, there is automatically the potential for harm to the public.
[¶ 10] We have said that if a reinstated attorney "has failed to comply with the conditions of reinstatement, and there exists a potential for harm to the public," the attorney may be suspended under N.D.R. Lawyer Discipl. 3.4"where necessary to protect the public." Howe , 2015 ND 182, ¶ 13, 865 N.W.2d 844 (emphasis added). Aakre is distinguishable because the attorney's violations of reinstatement conditions caused actual harm to two of his clients. That is not the case here. On this record, none of Varriano's clients has suffered any actual harm by his violation of conditions 5 and 6 of his reinstatement.
[¶ 11] We reject disciplinary counsel's argument that a violation of a condition of reinstatement imposed to protect the public in itself establishes by clear and convincing evidence that an attorney poses a potential for harm to the public. In this case, Varriano had one relapse in his sobriety during the past two years of practicing law, which resulted in his termination from the Lawyer Assistance Program. On this record, before that relapse he had been sober since March 19, 2011. Varriano has complied with all of the other conditions of his reinstatement. Varriano's relapse did not harm his clients, and during the last two years, there have been no complaints by clients or his supervising attorney about his work or professional conduct.
[¶ 12] The primary purpose of the disciplinary process is not to penalize the attorney, but to protect the public and the integrity of the profession. See , e.g. , Disciplinary Bd. v. Korsmo , 2006 ND 148, ¶ 6, 718 N.W.2d 6. We recognize that Varriano expressed misgivings about the efficacy of Alcoholics Anonymous and the Lawyer Assistance Program, and candidly stated he would not report relapses in his sobriety. However, Varriano continues to attend Alcoholics Anonymous meetings weekly and has gone beyond the requirements of his reinstatement conditions by attending monthly sessions with a licensed addiction counselor which he believes are more helpful in treating his alcoholism. On our review of the record, we conclude there is not clear and convincing evidence that Varriano poses a potential for harm to the public.
[¶ 13] Rule 3.1(G), N.D.R. Lawyer Discipl., preserves this Court's long-recognized inherent authority to discipline attorneys. See In re Dvorak , 2000 ND 98, ¶¶ 6-7, 611 N.W.2d 147 ; In re Anseth , 1997 ND 66, ¶¶ 17-18, 562 N.W.2d 385. We continue Varriano's reinstatement to practice law subject to the following modified conditions:
(1) that he pay $1,000.00 of the $2,251.14 of the costs of the proceedings to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Bismarck, North Dakota, 58505-0530, within 60 days of entry of judgment;
(2) that he comply with the continuing legal education requirements of the admission to practice rules;
(3) that a limitation be placed on Varriano's practice requiring association with an experienced supervising lawyer;
(4) that he work with the supervising lawyer on the financial management *701 of his law practice, fee agreements, avoiding conflicts of interest, and on having a manageable case load;
(5) that he attend counseling sessions at least monthly with a licensed addiction counselor agreed to by the parties;
(6) that he maintain his sobriety;
(7) that he attend Alcoholics Anonymous meetings on at least a monthly basis; and
(8) that he file an affidavit with the Secretary of the Disciplinary Board every six months indicating compliance with all conditions, commencing October 1, 2018.
[¶ 14] Varriano may apply to the Disciplinary Board to modify or lift conditions 3, 4, 5, 7 and 8 of reinstatement when evidence demonstrates they are no longer needed.
[¶ 15] Gerald W. VandeWalle, C.J.
Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte