484 N.W.2d 110 (1992)
In the Matter of the Application for DISCIPLINARY ACTION AGAINST James R. BRITTON, a Member of the Bar of the State of North Dakota,
DISCIPLINARY BOARD OF the SUPREME COURT OF the STATE OF NORTH DAKOTA, Petitioner,
v.
James R. BRITTON, Respondent.
Civ. No. 910353.
Supreme Court of North Dakota.
April 21, 1992.
*111 Vivian Elaine Berg, Disciplinary Staff Counsel, Bismarck, for petitioner.
No brief filed or appearance made on behalf of respondent.
PER CURIAM.
This is the fourth disciplinary proceeding in five years against James Britton, a North Dakota attorney since 1965 and currently under suspension. The Disciplinary Board has recommended that Mr. Britton's current suspension be continued for one year from September 1, 1991. Instead, we suspend Mr. Britton for two more years beginning June 1, 1992 for his repeated neglectful conduct.
The impetus for this disciplinary proceeding was Mr. Britton's representation of Wayne-Juntunen Fertilizer Company and Robert Wayne in a lawsuit they initiated against a bank. Britton failed to respond to the bank's correspondence and requests for discovery and did not keep his clients informed of the progress of the litigation. When Britton failed to respond to the bank's motion for summary judgment, the trial court granted summary judgment against Mr. Britton's clients. Although Britton appealed, he failed to keep appointments with his clients to discuss the appeal, he failed to file his appellate brief on time and when he filed the final product, it was not only tardy but shoddy and inept. Mr. Britton received partial payment of approximately $3,000 toward fees but gave no statement or accounting to his clients. He also entered into an oral contingency fee agreement with no clear method for determining the amount of the fee.
Britton did not answer the petition for discipline that alleged his misconduct in representing clients, he did not request an opportunity to be heard in mitigation and he did not respond to Disciplinary Counsel's motion for default findings and recommendation that Britton be disbarred. NDPRLDD 3.1(D)(2) and (3). Indeed, he has made no appearance in the case at all, either below or before this court.
The failure to answer a petition for discipline is an admission that the allegations are true. NDPRLDD 3.1(D)(2). Based on the admissions arising from Britton's default, the Disciplinary Board found that Britton failed to provide competent representation to Wayne-Juntunen and Wayne in violation of NDRPC 1.1; failed to act with reasonable diligence and promptness in his representation of Wayne-Juntunen and Wayne, in violation of NDRProf. Cond. 1.3; failed to make reasonable efforts to keep Wayne-Juntunen and Wayne informed about the status of the litigation, in violation of NDRPC 1.4; and failed to charge reasonable fees and act under a proper written contingency agreement, in violation of NDRPC 1.5. Taking into account his prior disciplinary violations, the Board recommended a suspension of one year.
We review this file anew, although we give due weight to the findings, conclusions and recommendation of the Disciplinary Board. Matter of Ellis, 439 N.W.2d 808 (N.D.1989). We do not, however, automatically accept those findings and recommendations but decide each case on its own facts. Id.
In determining what sanction to impose for lawyer misconduct, the following factors are relevant: (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused; (d) the existence of aggravating or mitigating factors. NDSILD 3.0. The duties Britton has breached go to the very heart of the attorney-client relationship. North Dakota Rules of Professional Conduct 1.1, 1.3, 1.4 and 1.5 require competent representation, diligent representation, informed representation and fairly compensated representation. *112 Those requirements are at the core of an attorney's duty to zealously and faithfully pursue a client's interests. Therefore, an attorney's lack of preparation, lack of attention, lack of vigilance and lack of communication undermine the caliber of attorney performance, the quality of the result and the temper of the relationship with the client. A violation of any one of these rules diminishes client trust and confidence in the attorney. A violation of all four likely diminishes client trust and confidence not only in the attorney, but in the justice system itself. Britton's misconduct seriously "disadvantaged his client[s] and was detrimental to the public and to the legal profession...." Matter of Jaynes, 278 N.W.2d 429, 435 (N.D.1979).
As for the attorney's mental state, Britton's repetition of the same sort of misconduct as he engaged in in the past indicates an intractable pattern of neglect. A pattern of neglect and delay constitues serious misconduct. Disciplinary Board of Supreme Court v. O'Neil, 326 N.W.2d 879 (N.D.1982). While alcoholism was alluded to in the file of Matter of Britton, 456 N.W.2d 771 (N.D.1990), there is no other reference to Britton's mental state in the record of this case or previous ones. Nor do personal problems justify failure to attend to matters entrusted to an attorney. O'Neil, supra. Suspension is appropriate for a lawyer who either knowingly fails to perform services and causes injury or potential injury to a client or engages in a pattern of neglect. NDSILD 4.42(a) and (b).
The injury to Britton's clients is grave. The clients "lost" their case, not on the merits after trial, but on the basis of their attorney's failure to perform. We were informed by Disciplinary Counsel that the appeal was ultimately dismissed by stipulation of the parties. We conclude that the injury caused by Britton's misconduct was serious.
Britton's many years of practice is one aggravating circumstance to be considered in devising an appropriate sanction. NDSILD 9.22(i); past disciplinary offenses are another aggravating factor. In re Larson, ___ N.W.2d ___ (N.D.1992) (Civil No. 910344). See also Matter of Goetz, 474 N.W.2d 29 (N.D.1991); Matter of Jaynes, supra; NDSILD 9.22(a). So too are a pattern of misconduct and multiple offenses. NDSILD 9.22(c) and (d). Britton's record of misconduct discloses a course of conduct of negligent representation of clients. Ordinarily, the appropriate sanction for a continuing pattern of misconduct is going to be more onerous than that befitting a single instance of misconduct. See Matter of Goetz, supra. See also NDSILD 9.22(a) and (d).
Neglect is the common thread that runs throughout Britton's recent work history. Britton was first disciplined by public reprimand for failing to communicate with clients and failing to return a retainer fee. Matter of Britton, 406 N.W.2d 364 (N.D. 1987). Then, he was suspended for six months, effective September 1, 1990. Matter of Britton, 456 N.W.2d 771 (N.D.1990). Unfortunately, that published order of suspension does not disclose the underlying conduct. However, the record indicates that the Stipulation of Discipline, signed by Disciplinary Counsel and Mr. Britton, was based upon findings that Britton misused funds, failed to return client calls, failed to answer letters and, generally, failed to act with reasonable diligence and promptness. As in the case before us, Britton did not respond to the petition for discipline.
Next came Matter of Britton, 466 N.W.2d 101 (N.D.1991), in which Mr. Britton received yet another six-month suspension, effective March 1, 1991. Again, the published order is cryptic but the file indicates that the underlying conduct was one of neglect, failing to keep clients informed, failing to appear at trial, charging excessive fees and misusing trust funds. Mr. Britton remains without a license to practice law in this State because he has not applied for reinstatement under NDPRLDD 4.5.
Now, we must decide whether the public deserves more protection than it has heretofore received and more protection than that recommended by the Disciplinary Board. After all, the primary purpose of *113 disciplinary proceedings is to protect the public. See, e.g., In re Larson, supra. North Dakota Standards for Imposing Lawyer Sanctions 1.1 expresses the same sentiment:
"Purpose of Lawyer Discipline Proceedings. The purpose of lawyer discipline proceedings is to protect the public and the administration of justice from lawyers who have not discharged, will not discharge, or are unlikely properly to discharge their professional duties to clients, the public, the legal system, and the legal profession."
Mr. Britton's record, which we have outlined above, provides little reason for optimism. He has had more than one chance to mend his ways. He is either unable or unwilling to do so. We believe that Mr. Britton is "unlikely properly to discharge [his] professional duties to clients, the public, the legal system, and the legal profession."
Unlike O'Neil, who received a one-year suspension for his negligent misconduct, Britton has not indicated that he no longer intends to practice law. See Disciplinary Board v. O'Neil, supra. Unlike Jaynes, who was suspended for one year for neglect and conversion, Britton's prior misconduct, sanctioned by suspension, was more serious than Jaynes', which occasioned only private and public reprimands. See Matter of Jaynes, supra.
We do not believe, therefore, that the one-year suspension recommended by the Board provides adequate protection for the public. We conclude that Mr. Britton's misconduct, which all but duplicates his prior course of misconduct, warrants a two-year suspension from the practice of law in this State, commencing June 1, 1992. Mr. Britton must pay the reasonable costs and attorney's fees for these disciplinary proceedings, in the amount of $305.00. Before Mr. Britton may again practice in this State, he must apply for reinstatement under NDPRLDD 4.5. But, before any application for reinstatement is considered, Mr. Britton must comply with the prior order of this court that he successfully complete the Multistate Professional Examination. See Matter of Britton, supra, 466 N.W.2d 101. Mr. Britton must also provide to Wayne-Juntunen and Wayne an accounting of attorney's fees and costs.
ERICKSTAD, C.J., and VANDE WALLE, MESCHKE, LEVINE and JOHNSON, JJ., concur.