2007 ND 129

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Robert M. LIGHT, a Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner,**

v.

**Robert M. Light, Respondent.**

No. 20070226.

Supreme Court of North Dakota.

Aug. 16, 2007.

INTERIM SUSPENSION ORDERED.

PER CURIAM.

[¶ 1] On August 10, 2007, an Application for the Interim Suspension of Robert M. Light, a member of the Bar of North Dakota, with Affidavit of Disciplinary Counsel and supporting documents, was filed under N.D.R. Lawyer Discipl. 3.4, Threat of Public Harm. Light was admitted to practice law on December 27, 1990, and is currently licensed to practice law in the courts of North Dakota.

[¶ 2] The Application states that several complaints have been filed against Light, indicating Light has missed appointments; had a message on his answering machine that he was out of the office and his voice mail was not taking messages; his office was closed during normal business hours and during scheduled appointments; mail had piled up inside his office door; clients have been unable to contact Light about work he promised to do and was performing on their behalf; Light arrived late and unprepared for a jury trial; and Light is under investigation for the crimes of reckless endangerment, terrorizing, and carrying a concealed firearm.

[¶ 3] The Application indicates that Light's conduct violates N.D.R. Prof. Conduct 1.3, Diligence, and 1.4, Communication, and N.D. Stds. Imposing Lawyer Sanctions 4.41, which provides that disbarment is generally appropriate when a lawyer abandons the practice, knowingly fails to perform services, or engages in a pattern of neglect, and causes serious or potentially serious injury to a client.

[¶ 4] Disciplinary Counsel subsequently filed a Supplemental Affidavit in Support of Application for Interim Suspension, a Second Supplemental Affidavit, and supporting documents. The Supplemental Affidavit states that an additional complaint was filed against Light relating to his representation of a client in a personal injury matter. According to the Supplemental Affidavit, Light received payment of $20,000 for settlement of the personal injury matter by check made out to Light and his client. The client learned of the settlement from another attorney. The client has not endorsed the check nor received any money from Light.

[¶ 5] The supplemental affidavits state that Light may have violated N.D.R. Prof. Conduct 1.15, Safekeeping Property, and 8.4, Misconduct, and may have committed a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, by violation of N.D.C.C. § 12.1–24–01, Forgery or Counterfeiting, and N.D.C.C. § 12.1–23–07, Misapplication of Entrusted Property.

[¶ 6] Under N.D.R. Lawyer Discipl. 3.4(B), Threat of Public Harm, the court may enter an interim order at any stage of any proceeding immediately suspending the lawyer pending final disposition of the proceeding predicated upon the conduct

Page number 243.

causing the harm or may order such other action as deemed appropriate. This rule also provides that upon request by counsel or the lawyer after entry of an interim suspension order, the court shall within ten days provide an opportunity for the lawyer to demonstrate that the order should not remain in force. The Court considered the matter, and

[¶ 7] **ORDERED,** Robert M. Light's license to practice law is SUSPENDED effective immediately, and until further order of this Court, pending final disposition of the disciplinary proceedings predicated upon the complaints filed.

[¶ 8] **FURTHER ORDERED,** Robert M. Light comply with N.D.R. Lawyer Discipl. 6.3, Notice of Status.

[¶ 9] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, concur.