765 N.W.2d 536 (2009)
2009 ND 83
In the Matter of the Application for DISCIPLINARY ACTION AGAINST Robert M. LIGHT, a Person Admitted to the Bar of the State of North Dakota
Disciplinary Board of the Supreme Court of North Dakota, Petitioner
v.
Robert M. Light, Respondent.
Nos. 20080320, 20080321, 20080322, 20080323, 20080324, 20080325, 20080326, 20080327.
Supreme Court of North Dakota.
May 14, 2009.
*537 Paul W. Jacobson, Disciplinary Counsel, Bismarck, N.D., for petitioner; submitted on brief.
Ronald H. McLean and Joseph A. Wetch, Jr., Serkland Law Firm, Fargo, N.D., for respondent; submitted on brief.

DISBARMENT ORDERED.
PER CURIAM.
[¶ 1] A hearing panel of the Disciplinary Board, finding that attorney Robert M. Light violated N.D.R. Prof. Conduct 1.3, 1.4, 1.15(d), 8.1, 8.4(b), 8.4(e), and N.D.R. Lawyer Discipl. 1.2A(2), recommended Light be disbarred and ordered to pay the costs and expenses associated with the disciplinary proceeding. The counsel for the Disciplinary Board urges this Court to accept the hearing panel's recommendation. Light objects to the hearing panel's finding that the gun he pointed at a police officer was cocked. Concluding there is clear and convincing evidence Light violated the above-mentioned rules, we direct that Light be disbarred from the practice of law and that he pay the costs of $5,575.41.

I
[¶ 2] On August 23, 2007, a Petition for Discipline was filed, asserting that Robert M. Lightan attorney admitted and licensed to practice law in the courts of North Dakota since December 27, 1990 *538 had violated N.D.R. Prof. Conduct 1.3, Diligence; 1.4, Communication; 1.5, Fees; 1.15, Safekeeping Property, subsections (a), (c), (d), and (e); 8.4, Misconduct, subsections (b) and (e); 8.1, Bar Admission and Disciplinary Matters; and N.D.R. Lawyer Discipl. 1.2A(2) and (3), Grounds for Discipline. On August 16, 2007, Light was placed on interim suspension under N.D.R. Lawyer Discipl. 3.4(B) for the alleged violations. Disciplinary Bd. v. Light, 2007 ND 129, 737 N.W.2d 242. On November 7, 2007, Disciplinary Counsel filed a subsequent Application for Interim Suspension of Light under N.D.R. Lawyer Discipl. 4.1. On November 14, 2007, Light's interim suspension was continued under N.D.R. Lawyer Discipl. 4.1 until further order of this Court. Disciplinary Bd. v. Light, 2007 ND 170, ¶ 4, 741 N.W.2d 215. An additional Petition for Discipline was filed on November 30, 2007, alleging violations of N.D.R. Prof. Conduct 8.4(b) and N.D.R. Lawyer Discipl. 1.2A(2).
[¶ 3] Light responded to the Petitions for Discipline, and a hearing panel was appointed. A hearing was held in August 2008. The hearing panel filed its amended findings, conclusions, and recommendation on December 23, 2008.
[¶ 4] The hearing panel, finding Light's conduct violated N.D.R. Prof. Conduct 1.3, 1.4, 1.15(d), 8.1, 8.4(b) and (e), and N.D.R. Lawyer Discipl. 1.2A(2), recommended Light be disbarred and required to pay the costs of the disciplinary proceeding of $5,575.41. The hearing panel considered aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22(c), a pattern of misconduct; 9.22(d), multiple offenses; 9.22(f), submission of false statement; and 9.22(h), vulnerability of victims. The hearing panel also considered as mitigating factors personal or emotional problems, under N.D. Stds. Imposing Lawyers Sanctions 9.32(c). Light's request for diversion under N.D.R. Lawyer Discipl. 6.6, because of his alcohol and medication abuse, was rejected as inappropriate because of the history, multiplicity, and seriousness of the misconduct.
[¶ 5] The matter was submitted to this Court under N.D.R. Lawyer Discipl. 3.1(F)(2). Light filed his objections to the hearing panel's amended report on January 13, 2009; however, on February 9, 2009, he withdrew all but one of his objections. He did not withdraw his objection to the hearing panel's finding that "Light carried a firearm or dangerous weapon concealed in his automobile and thereafter recklessly pointed a cocked and loaded automatic handgun at a Fargo police officer while Light was intoxicated." Specifically, he objects to the hearing panel's finding that the handgun was cocked.

II
[¶ 6] "This Court reviews disciplinary proceedings `de novo on the record.'" Disciplinary Bd. v. Hoffman, 2005 ND 153, ¶ 7, 703 N.W.2d 345. "Disciplinary counsel must prove each alleged violation by clear and convincing evidence." Id. In a disciplinary matter, clear and convincing evidence means "the trier of fact is reasonably satisfied with the facts the evidence tends to prove as to be led to a firm belief or conviction." Judicial Conduct Comm'n v. McGuire, 2004 ND 171, ¶ 8, 685 N.W.2d 748. The evidence does not have to be undisputed to be clear and convincing. Id. This Court gives "due weight to the findings, conclusions, and recommendations" of the Board, but it does not act as a mere "rubber stamp" for those findings and recommendations. Disciplinary Bd. v. Leier, 1997 ND 79, ¶ 3, 562 N.W.2d 741. To decide which sanction, if any, is appropriate, each disciplinary matter must be considered on its own *539 facts. Disciplinary Bd. v. Buresh, 2007 ND 8, ¶ 6, 726 N.W.2d 210.
[¶ 7] On the basis of the record, we conclude the hearing panel's findings to which Light no longer objects are supported by clear and convincing evidence. Light missed appointments; his office was closed during normal business hours and during scheduled appointments; clients were unable to contact him about work he promised to do and was performing on their behalf; he arrived late and unprepared for a jury trial; and he was convicted of a class C felony under N.D.C.C. § 12.1-17-04, Terrorizing. The record reflects there is clear and convincing evidence Light violated N.D.R. Prof. Conduct 1.3, 1.4, 1.15(d), 8.1, 8.4(b) and (e), and N.D.R. Lawyer Discipl. 1.2A(2).
[¶ 8] The hearing panel's finding to which Light continues to objectthat the handgun he pointed at the Fargo police officer was cockedis, however, not supported by clear and convincing evidence. As Disciplinary Counsel points out, Light admitted the allegations contained in the Petition for Discipline dated November 30, 2007, but those allegations do not include a description of the handgun. Although Light also admitted the allegations in the Petition for Discipline dated August 23, 2007, relating to the criminal charges, stating that he admits he pleaded guilty to a class C felony as described in the Petition, again, the description of the gun as being cocked was not part of those allegations. Neither is the handgun description part of the criminal judgment found in the record. We do not know whether the gun was described as being cocked in the criminal information by which Light was charged, because that document is not part of the record. Whether the handgun was cocked, however, is not significant for purposes of the finding that Light was convicted of a class C felony under N.D.C.C. § 12.1-17-04, which incurs the consequences set forth in N.D.R. Lawyer Discipl. 4.1.
[¶ 9] The primary purpose of disciplinary proceedings is to protect the public. N.D. Stds. Imposing Lawyer Sanctions 1.1. In determining the appropriate sanctions for violations of the Rules of Professional Conduct, this Court is guided by the North Dakota Standards for Imposing Lawyer Sanctions. N.D. Stds. Imposing Lawyer Sanctions 1.3. In determining the proper sanction, this Court should consider "(a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." N.D. Stds. Imposing Lawyer Sanctions 3.0.
[¶ 10] Here, Light engaged in a pattern of neglect with respect to client matters and knowingly engaged in dishonest conduct for which disbarment is an appropriate sanction. N.D. Stds. Imposing Lawyer Sanctions 4.41 and 5.11(b). He also was convicted for the felony of terrorizing in violation of N.D.C.C. § 12.1-17-04, which is a serious crime within the meaning of N.D.R. Lawyer Discipl. 4.1. Several aggravating factors exist under N.D. Stds. Imposing Lawyer Sanctions 9.22(c) (a pattern of misconduct), d (multiple offenses), f (submission of false statement during the disciplinary process), and h (vulnerability of victims). Under the circumstances, we conclude disbarment is the appropriate sanction. Further, in accordance with N.D.R. Lawyer Discipl. 1.3(D), which provides that costs and expenses of disciplinary proceedings are assessed against the disciplined attorney, we order Light to pay the full costs and expenses of the disciplinary proceedings.

III
[¶ 11] On the basis of the record, we accept the hearing panel's finding that *540 Light clearly and convincingly violated N.D.R. Prof. Conduct 1.3, 1.4, 1.15(d), 8.1, 8.4(b) and (e), and N.D.R. Lawyer Discipl. 1.2A(2). We order that Light be disbarred from the practice of law and that he pay the costs of the disciplinary proceeding of $5,575.41.
[¶ 12] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.