2015 ND 289

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Michael WARD, A Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court, Petitioner**

v.

**Michael Ward, Respondent.**

**No. 20150309.**

Supreme Court of North Dakota.

Dec. 11, 2015.

REPRIMAND ORDERED.

PER CURIAM.

[¶1] The Court has before it the findings of fact, conclusions of law, and recommendations of a hearing panel of the Disciplinary Board recommending that Michael Ward be reprimanded for violation of N.D.R.Prof. Conduct 1.3 and that he pay the costs and expenses of the disciplinary proceeding of $13,034.13. We accept the findings of fact, conclusions of law, and recommendations of the hearing panel. We reprimand Ward, and we order him to pay the costs and expenses of the disciplinary proceeding.

[¶2] Ward was admitted to practice law in North Dakota on July 15, 1966, and has been licensed since that time. He was served a summons and petition for discipline on June 20, 2014, and he filed an answer on July 9, 2014. The petition alleged that Ward violated N.D.R.Prof. Conduct 1.1, 1.3, 1.4, and 1.16(e), while representing a client in a bankruptcy proceeding.

[¶3] The matter was submitted to a hearing panel of the Disciplinary Board, and hearings were held on May 1, 2015 and June 4, 2015. On October 26, 2015, the hearing panel filed its findings of fact, conclusions of law, and recommendations with this Court.

[¶4] A client contacted Ward after a judgment was filed against her and attempts to levy on her assets began. After meeting with Ward and others in his office, it was determined the client should file a Chapter 7 bankruptcy. On November 6, 2013, Ward and the client entered into a fee agreement for the bankruptcy proceeding, according to which the client paid Ward $1,200 for representation. The client took a required pre-bankruptcy credit counseling class, and during the class was informed a second class was required.

[¶5] During the representation, the client worked with several individuals at the Ward law firm including a secretary and an associate attorney to gather documents necessary for the bankruptcy and to prepare bankruptcy forms. Ward signed the bankruptcy petition and the supporting documentation. The documents were executed and filed incorrectly with the bank-

ruptcy court and had to be refiled. Ward put both his social security number and the client's social security number on bankruptcy documents, and he failed to immediately redact the documents when brought to his attention. Omissions and errors were made on bankruptcy forms which were not corrected by Ward's amended filings. Improper valuations were made on the bankruptcy schedules, and multiple properties were claimed under the homestead exemption.

[¶ 6] On December 20, 2013, the meeting of creditors was held. The bankruptcy trustee had called the case, but Ward was not there to represent the client. The client was upset and crying. Another attorney, who was present on a separate matter, offered assistance to the client. When the attorney called Ward to check on his appearance at the hearing, he stated the file was his associate attorney's file, but he would be there shortly. Ward testified he was running late because of car trouble. Ward did not bring the client's file.

[¶ 7] On January 22, 2014, the bankruptcy court sent the client notice she must file proof of completion of the second credit counseling class within 60 days after the first date set for the meetings of creditors. The notice stated that the client's case would be closed without discharge unless the proof of completion was timely filed. Despite the client claiming not to know about the need for a second credit counseling class, the client promised she would complete it when she received her social security payment.

[¶ 8] On or around January 22, 2014, the client met with Ward at the Ward Law Firm, where he again asked her for six months of bank statements. The client became upset at the additional request for documents and informed Ward that she

would not be requiring his services anymore.

[¶ 9] Ward did not appear for the second meeting of creditors on January 23, 2014. Despite his assertion that he had been fired the previous day, Ward took no steps to notify the court that he was no longer representing the client. Ward took no steps to provide the client with a copy of her file to aid her proceeding self-represented and took no steps to find another attorney who would be willing to take the case. Even though Ward was terminated January 22, 2014, and failed to appear for the meeting of creditors on January 23, 2014, his firm continued to work on the client's behalf. Ward's firm sent a letter to a creditor on the client's behalf on February 5, 2014.

[¶ 10] The client failed to complete the second credit counseling class, which led to the dismissal of the bankruptcy without discharge on February 26, 2014. On May 12, 2014, Ward sent the client a letter dated May 5, 2014, requesting additional information for the bankruptcy proceeding. That letter did not discuss the dismissal without discharge. The letter was the only correspondence the client received from Ward's firm informing her of the requirements from the bankruptcy trustee for information and formally requesting additional documentation.

[¶ 11] On March 6, 2014, the client again terminated Ward and retained another attorney to represent her. The new attorney requested a copy of the file from Ward, but she never received a complete copy. As a result, the attorney had to recreate documents. The new attorney did not immediately reopen the bankruptcy, but tried other methods to accomplish the client's objectives. When the bankruptcy was reopened, the attorney had to make numerous corrections to the documents filed by Ward.

[¶ 12] The hearing panel found that based on the testimony of the character witnesses, Ward has a good reputation and has had a long career, including handling bankruptcy cases. It concluded Ward's handling of this particular bankruptcy was an anomaly. Ward's prior discipline includes a reprimand by the North Dakota Supreme Court in *Disciplinary Board v. Ward*, 2005 ND 144, 701 N.W.2d 873, and an admonition in 1996.

[¶ 13] The hearing panel concluded there was no clear and convincing evidence Ward violated N.D.R. Prof. Conduct 1.1, Competence; 1.4, Communication, or 1.16(e), Declining or Terminating Representation. The hearing panel concluded Ward violated N.D.R. Prof. Conduct 1.3, Diligence, in that Ward was late for the first meeting of creditors on December 20, 2013, and arrived without the client file; he failed to appear at the second meeting of creditors on January 23, 2014; and he failed to immediately correct errors in filings. The hearing panel concluded that under the North Dakota Standards for Lawyer Sanctions, a reprimand by this Court was an appropriate sanction for the violation.

[¶ 14] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the findings of fact, conclusions of law, and recommendations were due within 20 days of the service of the report of the hearing panel. No objections were received, and the matter was submitted to the Court for consideration.

[¶ 15] **ORDERED,** that the findings of fact, conclusions of law, and recommendation of the hearing panel are accepted, and Michael Ward is REPRIMANDED.

[¶ 16] **IT IS FURTHER ORDERED,** that Ward pay the costs of the disciplinary proceeding of $13,034.13 within 30 days of entry of the judgment, payable to the Secretary of the Disciplinary Board, 600 E. Boulevard Avenue, Bismarck, North Dakota 58505–0530.

[¶ 17] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, DANIEL J. CROTHERS and LISA FAIR McEVERS, JJ., concur.