2016 ND 113

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST Michael WARD, a Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court, Petitioner**

v.

**Michael Ward, Respondent.**

**No. 20150337.**

Supreme Court of North Dakota.

June 9, 2016.

professional conduct and recommending he be suspended from the practice of law for two months and pay the costs and expenses of the disciplinary proceeding. We conclude there is clear and convincing evidence Ward violated N.D.R. Prof. Conduct 1.3, N.D.R. Prof. Conduct 1.4, and N.D.R. Prof. Conduct 1.16(e). We accept the hearing panel's recommendation, suspend Ward from the practice of law for two months, and order he pay $8,284.78 for the costs and expenses of the proceeding.

I

[¶ 2] Ward was admitted to practice law in North Dakota in July 1966 and currently practices as a member of a law firm in Minot. In his private practice, Ward primarily focuses on accounting, estates, IRS related matters, and bankruptcy. Bankruptcy accounts for about 20 percent of Ward's practice. Brenda Grubb was one of Ward's administrative assistants. She worked with Ward for 13 years and assisted Ward with two to ten bankruptcy petitions per month. Grubb left the firm in 2012, but returned to work with Ward for a short period from April 22 to May 25, 2013. This disciplinary proceeding stems from Ward's representation of Robert and Kelly Stigen in their bankruptcy case.

[¶ 3] The hearing panel found that on April 24, 2013, the Stigens paid Ward $1,500 to secure a Chapter 7 discharge in bankruptcy, and on May 20, 2013, Ward filed on behalf of the Stigens an 84–page bankruptcy petition. On June 28, 2013, the Stigens attended the meeting of creditors with Ward and the bankruptcy trustee. The Stigens brought to the meeting their unfiled 2012 tax returns, which indicated they would receive refunds, and learned the trustee wanted an appraisal on a snowmobile they owned. The Stigens subsequently obtained an appraisal and

Ryan A. Heintz (argued) and Kara J. Johnson (appeared), Disciplinary Staff, Bismarck, N.D., for petitioner.

Ronald H. McLean (argued) and Ian McLean (appeared), Fargo, N.D., for respondent.

SUSPENSION ORDERED.

PER CURIAM.

[¶ 1] Attorney Michael Ward objects to a report of a hearing panel of the Disciplinary Board finding he violated rules of

claim they gave it to Ward. Between July 1 and November 4, 2013, the trustee sent eight letters to Ward and called him with questions about the Stigens' unfiled tax returns and the appraisal of the snowmobile. Ward did not forward these letters to the Stigens. Ward ceased contact with the trustee, even though the trustee threatened an adversary action against the Stigens. After being contacted by the IRS, the Stigens filed the tax returns.

[¶ 4] On November 26, 2013, the bankruptcy trustee filed an adversary complaint against the Stigens to deny the bankruptcy discharge for failing to provide the trustee with the tax refunds and the snowmobile appraisal. Upon being served, the Stigens unsuccessfully attempted to contact Ward, so they found a different attorney to take their case and file an answer to the adversary complaint. The Stigens and the bankruptcy trustee eventually entered into a settlement agreement and the adversary proceeding was dismissed. One of the conditions of the settlement agreement, demanded by the trustee, was that the Stigens file a disciplinary complaint against Ward. After taking over representation, the new attorney asked Ward for the Stigens' file, but Ward did not provide a complete copy of the file. Following commencement of these proceedings, about seven months after Ward's termination of representation, Ward returned the $1,500 flat fee to the Stigens.

[¶ 5] The petition for discipline against Ward alleged violations of N.D.R. Prof. Conduct 1.1 (competence), N.D.R. Prof. Conduct 1.3 (diligence), N.D.R. Prof. Conduct 1.4 (communication), and N.D.R. Prof. Conduct 1.16(e) (terminating representation) while acting as the Stigens' attorney in their bankruptcy case. Ward denied the charges and requested dismissal. Following a hearing, the panel found Ward violated these rules because he failed to be competent in his representation of the Stigens in the bankruptcy proceedings, failed to be diligent in his representation by not promptly providing information to the bankruptcy trustee, failed to have reasonable and sufficient communication with the Stigens regarding their bankruptcy, and failed to provide the Stigens' subsequent lawyer with their complete client file. The panel specifically found "the Stigens' testimony regarding the events and documentation both provided to and received from Ward regarding their bankruptcy was more credible than that of Ward or members of Ward's staff," and "Ward's failures to adequately communicate what was occurring within the Stigens' bankruptcy was due to negligence." The panel recommended that Ward be suspended from the practice of law for two months and pay $8,284.78 for the costs and expenses of the disciplinary proceeding.

II

[¶ 6] Ward argues the hearing panel erred in determining there was clear and convincing evidence that he violated any of the rules of professional conduct charged.

[¶ 7] In *Disciplinary Bd. v. Carpenter*, 2015 ND 111, ¶ 9, 863 N.W.2d 223, we explained:

This Court reviews disciplinary proceedings de novo on the record. *Disciplinary Board v. Light*, 2009 ND 83, ¶ 6, 765 N.W.2d 536 (citations omitted). Disciplinary counsel must prove each alleged violation by clear and convincing evidence, which means the trier of fact must be reasonably satisfied with the facts the evidence tends to prove and thus be led to a firm belief or conviction. *Id.* The evidence need not be undisputed to be clear and convincing. *Id.* We give due weight to the findings, conclusions, and recommendations of the Disciplinary Board, but we do not act as a mere

rubber stamp for the Board. *Id.* To decide which sanction, if any, is appropriate, each disciplinary matter must be considered on its own facts. *Id.*

Because the hearing panel has the opportunity to hear witnesses and observe their demeanor, we accord special deference to the panel's findings on matters of conflicting evidence. *Disciplinary Board v. Bullis*, 2006 ND 228, ¶ 12, 723 N.W.2d 667. Similarly, we defer to the hearing panel's findings on the credibility of a witness, because the hearing panel has the opportunity to observe the witness's demeanor and hear the witness testify. *Disciplinary Board v. Johnson*, 2007 ND 203, ¶ 22, 743 N.W.2d 117. (quoting *Disciplinary Bd. v. Askew*, 2010 ND 7, ¶¶ 8–9, 776 N.W.2d 816).

A

[¶ 8] Ward argues the hearing panel erred in determining there was clear and convincing evidence that he violated N.D.R. Prof. Conduct 1.3 relating to diligence.

[¶ 9] Rule 1.3, N.D.R. Prof. Conduct provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." Comment [1] to N.D.R. Prof. Conduct 1.3 states in part:

A lawyer should pursue a matter on behalf of a client despite opposition, obstruction or personal inconvenience to the lawyer, and take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor. A lawyer must also act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf.

Diligence is a core requirement "of an attorney's duty to zealously and faithfully pursue a client's interests," and an attorney's "lack of preparation, lack of attention, lack of vigilance and lack of communi-

cation undermine the caliber of attorney performance, the quality of the result[,] the temper of the relationship with the client," and "diminishes client trust and confidence in the attorney." *Disciplinary Bd. v. Britton*, 484 N.W.2d 110, 112 (N.D. 1992).

[¶ 10] The hearing panel found that between July 1 and November 4, 2013, the bankruptcy trustee sent eight letters to Ward and made a phone call to him raising questions about the Stigens' tax returns and the requested appraisal of the snowmobile and asked Ward to contact him about these concerns. The panel found Ward did not forward the letters to the Stigens or provide them with any instruction how to respond to the trustee's concerns, and failed to provide documentation and information to the trustee that was provided to him by the Stigens. The panel found "Ward totally ceased contact" with the trustee between August 28, 2013 and November 4, 2013. The panel concluded there was clear and convincing evidence Ward violated N.D.R. Prof. Conduct 1.3 because he "knowingly failed to promptly provide information and documentation regarding the Stigens' taxes and snowmobile, to the bankruptcy trustee."

[¶ 11] Ward claims there is not clear and convincing evidence of a violation of the rule because the Stigens were difficult clients who did not heed his advice. Ward testified he did not recall receiving an appraisal of the snowmobile even though he requested one from the Stigens. Ward also blames these disciplinary proceedings on the bankruptcy trustee and suggests that the Stigens' testimony is suspect because they were required to bring this disciplinary proceeding as part of the settlement agreement. Therefore, Ward argues the Stigens' testimony is skewed because of their desire to be discharged in bankruptcy.

[¶ 12] Although the settlement provision is unusual, a reasonable inference to be drawn from it is the trustee's frustration in dealing with Ward in this bankruptcy proceeding. The hearing panel specifically found "the Stigens' testimony regarding the events and documentation both provided to and received from Ward regarding their bankruptcy was more credible than that of Ward or members of Ward's staff." Deferring to the panel's findings on credibility, see *Carpenter*, 2015 ND 111, ¶ 9, 863 N.W.2d 223, we conclude there is clear and convincing evidence Ward violated N.D.R. Prof. Conduct 1.3. *See Disciplinary Bd. v. Seaworth*, 1999 ND 229, ¶ 29, 603 N.W.2d 176 (attorney's failure to respond on client's behalf to at least 13 letters constituted violation of N.D.R. Prof. Conduct 1.3).

[¶ 13] Ward argues there is not clear and convincing evidence that he "knowingly" failed to promptly provide the bankruptcy trustee with information regarding the Stigens' taxes and snowmobile appraisal. Under N.D.R. Prof. Conduct 1.0(g), "knowingly" is defined as "actual knowledge of the fact in question. A person's knowledge may be inferred from the person's conduct in the circumstances." *See also Disciplinary Bd. v. Hann*, 2012 ND 160, ¶ 31, 819 N.W.2d 498. When asked why he did not respond to the bankruptcy trustee's letters, Ward testified:

> Because I could not respond, because if I respond to [the trustee], I've got to basically tell him the truth and I can't very well say that my client has decided to defy a court order. And, frankly, I can say nothing, but if I write a letter I've got to basically tell him what he's doing and I can't—I think representing a client, I can't basically do that.

We conclude there is clear and convincing evidence Ward knowingly failed to act with diligence and promptness in representing the Stigens when he did not provide the information to the trustee.

B

[¶ 14] Ward argues the hearing panel erred in determining there was clear and convincing evidence that he violated N.D.R. Prof. Conduct 1.4 relating to communication.

[¶ 15] Rule 1.4, N.D.R. Prof. Conduct, provides:

> (a) A lawyer shall:
>
> (1) promptly inform the client of any decision or circumstance with respect to which the client's consent is required by these Rules;
>
> (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
>
> (3) make reasonable efforts to keep the client reasonably informed about the status of a matter;
>
> (4) promptly comply with the client's reasonable requests for information; and
>
> (5) consult with the client about any relevant information on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by these Rules or other law.
>
> (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Communication is another core requirement of an attorney's duty to a client. *See Britton*, 484 N.W.2d at 112.

[¶ 16] The hearing panel found:

> 27. With respect to the alleged violation of Rule 1.4, N.D.R. Prof. Conduct, the evidence shows Ward failed to have reasonable and sufficient communication with the Stigens regarding their bankruptcy. Ward only wrote two letters to

the Stigens during the course of his representation and had no information or documentation to establish that he had shared the concerns of the bankruptcy trustee with them. As a result, the Stigens were not informed about the status of their case and were unable to make informed decisions about their representation. Ward made assumptions that members of his staff had communicated with the Stigens and was negligent in ensuring that the Stigens were reasonably informed about their case. The Hearing Panel finds that clear and convincing evidence was present to establish that Ward violated Rule 1.4, N.D.R. Prof. Conduct.

[¶ 17] Ward relies on his testimony and his staff's testimony in arguing there were numerous communications to the Stigens informing them of the status of their case and their need to turn over the assets requested by the bankruptcy trustee. The Stigens disputed these claims. Once again deferring to the panel's finding on credibility, we conclude there is clear and convincing evidence Ward violated N.D.R. Prof. Conduct 1.4.

## C

[¶ 18] Ward argues the hearing panel erred in determining there was clear and convincing evidence that he violated N.D.R. Prof. Conduct 1.16(e) relating to terminating representation.

[¶ 19] Rule 1.16(e), N.D.R. Prof. Conduct, provides:

(e) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client only to the extent permitted by N.D.R. Prof. Conduct 1.19.

[¶ 20] Rule 1.19(b), N.D.R. Prof. Conduct, provides:

(b) The following constitute a client's files, papers (including items only electronically stored), or property:

(1) All papers and property provided by the client to the lawyer other than as payment.

(2) All pleadings, motions, discovery, memoranda, and other litigation materials which have been executed and served or filed regardless whether the client has paid the lawyer for drafting and serving and/or filing the document(s).

(3) All correspondence regardless of whether the client has paid the lawyer for drafting or sending the correspondence.

(4) All items of potential evidentiary value regardless of whether the client has reimbursed the lawyer for any costs or expenses which the lawyer has advanced, including depositions, expert opinions and statements, business records, and witness statements.

▬ [¶ 21] The hearing panel found that after the Stigens obtained the services of a new attorney to handle their bankruptcy case, the attorney requested that Ward turn over his client file for the Stigens. In response, Ward surrendered some information from the file "but not the entire file, reserving certain items on the basis that he assumed that [the new attorney] 'already had them or easy access to them,' and that providing more 'would have required a lot of copying.'" The panel further found that Ward did not return the flat fee of $1,500 that the Stigens had paid

 July 1, 2014, more than seven months after his termination and after the disciplinary complaint had been made against him." The panel determined:

29. With respect to the alleged violation of Rule 1.16(e), N.D.R. Prof. Conduct, Ward failed to provide the Stigens' subsequent lawyer with their complete client file, as they had requested. Ward left out information because it required a lot of copying, and he assumed the subsequent attorney would not need it. Ward did not provide copies of the letters he had received from the bankruptcy trustee. Through failing to provide the complete client file, including the letters, Ward did not take the reasonably necessary steps to protect the Stigens' interests within their bankruptcy. Ward also did not issue a refund for their representation until several months later after a disciplinary complaint had been made. The Hearing Panel finds clear and convincing evidence was presented to establish that Ward violated Rule 1.16(e), N.D.R. Prof. Conduct.

[¶ 22] Ward argues he provided the new attorney with everything the new attorney needed because "[i]n chapter 7 bankruptcies, all of the relevant portions of a petitioner's file is on bankruptcy docket which is accessible to attorneys online." Ward also argues he informed the new attorney to advise him if any other items were needed, and because the new attorney did not request additional items, the rule was not violated. However, we have said a " 'lawyer who has withdrawn or has been discharged by the client has a duty to surrender promptly *all* papers and other property to which the client is entitled.' " *In re Disciplinary Action Against Anseth,* 1997 ND 66, ¶ 23, 562 N.W.2d 385 (quoting *Annotated Model Rules of Professional Conduct* Rule 1.16(d) annot. at 256 (3d ed.1996)) (emphasis added); *see also In re*

*Harris,* 182 N.J. 594, 868 A.2d 1011, 1015 (2005) (failure to return parts of the file to the client after termination as counsel violated duties on terminating representation). Ward does not contend he was entitled to retain under N.D.R. Prof. Conduct 1.19 any of the items he failed to deliver to the new attorney. Ward does dispute that he had a duty to refund the $1,500 flat fee because he claims the fee was not contingent on the Stigens actually obtaining a discharge from bankruptcy. However, there was no written fee agreement, and the hearing panel found the $1,500 was paid "to secure a discharge in bankruptcy." We conclude there is clear and convincing evidence Ward violated N.D.R. Prof. Conduct 1.16(e).

D

[¶ 23] Ward argues the hearing panel erred in determining there was clear and convincing evidence that he violated N.D.R. Prof. Conduct 1.1 relating to competence.

[¶ 24] Rule 1.1, N.D.R. Prof. Conduct, states:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[¶ 25] Although competence is also a core requirement of an attorney's duty to a client, *see Britton,* 484 N.W.2d at 112, we have cautioned:

We note the California Supreme Court's concern over "the problems inherent in using disciplinary proceedings to punish attorneys for negligence, mistakes in judgment, or lack of experience or legal knowledge." *Lewis v. State Bar of California,* 28 Cal.3d 683, 170 Cal. Rptr. 634, 621 P.2d 258, 261 (1981). We

share that concern. In C. Wolfram, *Modern Legal Ethics* § 5.1, at p. 190 (1986) (footnotes omitted), the author states:

To date, the enforcement of competence standards has been generally limited to relatively exotic, blatant, or repeated cases of lawyer bungling. Lawyers who make some showing of effort, and who do nothing other than perform badly, rarely appear in the appellate reports in discipline cases. The lawyers who are disciplined for incompetence have usually aggravated their situation. For example, several cases involve lawyers who, after their incompetent work, concocted elaborate schemes or lies to deceive a client whose case was mishandled. Most decisions and official ABA policy insist that a single instance of "ordinary negligence" is usually not a disciplinary violation, although some decisions hold a lawyer to a standard of ordinary care that is similar to that required in malpractice cases . . . or discipline a lawyer for a single instance of neglect. Consistent with that position, courts will discipline lawyers when the neglect is accompanied by some other violation, as an impermissible conflict of interest, or when the acts of negligence are repeated.

*Disciplinary Bd. v. McKechnie*, 2003 ND 22, ¶ 23, 656 N.W.2d 661; *see also Disciplinary Bd. v. Hoffman*, 2005 ND 153, ¶ 9, 703 N.W.2d 345. "Our holdings in [*McKechnie* and *Hoffman* ] suggest only that an isolated act of negligence will not necessarily satisfy the broad, generic concepts of incompetence or lack of diligence." *Disciplinary Bd. v. Feland*, 2012 ND 174, ¶ 36, 820 N.W.2d 672.

[¶ 26] The hearing panel determined:

28. With respect to the alleged violation of Rule 1.1 N.D.R. Prof. Conduct, Ward failed to be competent in his representation of the Stigens. Ward failed to respond in any way to communications from the bankruptcy trustee for a period of two to three months. Ward's lack of communication with the trustee led to an adverse complaint being filed by the bankruptcy trustee against the Stigens. By failing to have a cooperative relationship with the bankruptcy trustee in the Stigens' case when Ward was an experienced bankruptcy attorney, he demonstrated a lack of legal knowledge, skill, thoroughness and preparation for their representation. The Hearing Panel finds that clear and convincing evidence was present to establish that Ward violated Rule 1.1, N.D.R. Prof. Conduct.

[¶ 27] The hearing panel's finding is largely premised on Ward's failure to have a "cooperative relationship" with the bankruptcy trustee in connection with the Stigens' bankruptcy. Ward's failure to maintain contact with the trustee cannot be condoned, but we have already concluded that this conduct violated N.D.R. Prof. Conduct 1.3. Although "[a] lawyer's failure to comply with a duty imposed by another ethics rule may also constitute lack of competence under Rule 1.1," *Annotated Model Rules of Professional Conduct* Rule 1.1, Annot., at 24 (7th ed.2011), we have also discouraged "[u]nnecessary 'stacking' or 'piling on' of rule violations for the same conduct." *Carpenter*, 2015 ND 111, ¶ 20, 863 N.W.2d 223. Ward's conduct in this case does not rise to the level of demonstrating a lack of "legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." N.D.R. Prof. Conduct 1.1. We conclude there is not clear and convincing evidence that Ward violated N.D.R. Prof. Conduct 1.1.

## III

[¶ 28] Ward argues if the charges are not dismissed he should receive a reprimand rather than the two-month suspension recommended by the hearing panel.

[¶ 29] "In considering the appropriate sanction for a lawyer's misconduct, we consider: '(1) the duty violated; (2) the lawyer's mental state; (3) the potential or actual injury caused by the lawyer's misconduct; and (4) the existence of aggravating or mitigating factors.'" *Carpenter*, 2015 ND 111, ¶ 21, 863 N.W.2d 223 (quoting *In re Disciplinary Action Against Dvorak*, 2000 ND 98, ¶ 17, 611 N.W.2d 147); N.D. Stds. Imposing Lawyer Sanctions 3.0. Ward violated duties related to diligence, communication, and terminating representation with regard to the Stigens' bankruptcy case. The Stigens were injured by Ward's knowing lack of diligence by having to respond to an adversary proceeding and hire another lawyer to resolve the matter.

[¶ 30] Prior disciplinary offenses is an aggravating factor under N.D. Stds. Imposing Lawyer Sanctions 9.22(a). Ward received an admonition in 1996 and was reprimanded and ordered to pay restitution and costs of the proceeding in 2005 for violating N.D.R. Prof. Conduct 1.15(f) (safekeeping property). *See Disciplinary Bd. v. Ward*, 2005 ND 144, ¶ 1, 701 N.W.2d 873. Ward was recently reprimanded and ordered to pay the costs of the proceeding for violating N.D.R. Prof. Conduct 1.3 in a bankruptcy matter. *See Disciplinary Bd. v. Ward*, 2015 ND 289, ¶ 1, 872 N.W.2d 340. Other aggravating factors are multiple offenses, refusal to acknowledge the wrongful nature of the conduct and substantial experience in the practice of law under N.D. Stds. Imposing Lawyer Sanctions 9.22(e), (g) and (i). Mitigating factors in this case include absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board or cooperative attitude toward the proceedings, and character or reputation under N.D. Stds. Imposing Lawyer Sanctions 9.32(b), (e) and (g).

[¶ 31] For lack of diligence under N.D. Stds. Imposing Lawyer Sanctions 4.4:

> 4.42 Suspension is generally appropriate when:
>
> (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
>
> (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.
>
> 4.43 Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

Suspension is appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client. *See Disciplinary Bd. v. Tollefson*, 2008 ND 177, ¶ 6, 755 N.W.2d 912. "Injury or potential injury" warranting suspension "may include a client suffering monetary losses or incurring additional costs when forced to hire another lawyer to handle the matter." *Annotated Standards for Imposing Lawyer Sanctions* Rule 4.42, Annot., at 186 (2015).

[¶ 32] Considering all of the appropriate factors, we adopt the hearing panel's recommendation. We suspend Ward from the practice of law for two months commencing July 1, 2016, and order he pay $8,284.78 for the costs and expenses of the proceeding within 60 days of entry of the judgment, payable to the Secretary of the Disciplinary Board, 600 E. Boulevard Avenue, Bismarck, North Dakota 58505–0530. Ward must comply with N.D.R. Lawyer

Discipl. 6.3, and his reinstatement is governed by N.D.R. Lawyer Discipl. 4.5(B).

[¶ 33] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, CAROL RONNING KAPSNER and LISA FAIR McEVERS, JJ., concur.